FILED
2019 Jan-17 AM 09:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DAVID RAY JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:17-cv-1719-LCB |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 12, 2017, plaintiff David Ray Jackson filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). On March 8, 2018, plaintiff filed a memorandum (Doc. 10). On April 6, 2018, the Commissioner filed a memorandum (Doc. 11). Therefore, this matter is ripe for review. For the reasons stated below, the final decision of the Commissioner is affirmed.

**I.     BACKGROUND**

On December 19, 2013, plaintiff filed an application for a period of disability and disability insurance benefits; plaintiff also filed an application for supplemental social security income on the same day. (Tr. 19). In both

applications, plaintiff alleged disability beginning on February 1, 2013. (*Id*.). On October 21, 2015, the administrative law judge ("ALJ"), Walter V. Lassiter, Jr., conducted a video hearing from Franklin, Tennessee. (*Id*. at 75). Plaintiff, his attorney, and a vocational expert ("VE") were present at the hearing. (*Id*.). On February 25, 2016, the ALJ issued his decision. In doing so, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commission to determine whether an individual is disabled. (*Id*. at 19-28). The ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015. (*Id*. at 21).

2. Plaintiff has not engaged in substantial gainful activity since February 1, 2013, the alleged onset date. (*Id*.).

3. Plaintiff has the following severe impairments: coronary artery disease, diabetes mellitus, and status-port arthroscopy of the left knee with a partial medial meniscectomy. (*Id*.).

4. Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id*. at 22).

5. Plaintiff has the residual functioning capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he can stand and/or walk at least two hours without interruption and a total of at least six hours over the course of an eight-hour workday; can sit at least six hours over the course of an eight-hour work day; cannot climb ropes, poles, or scaffolds; can occasionally climb ladders, ramps, and stairs; can frequently balance, stoop, kneel, and crouch and occasionally crawl; can frequently work in humidity, wetness, and extreme temperatures; can frequently work in dusts, gases, odors, and fumes; cannot work in poorly ventilated areas; cannot work at

unprotected heights; can frequently work with operating hazardous machinery and is not limited with operating motorized vehicles. (*Id*. at 23-24).

6. Plaintiff is capable of performing past relevant work as an outside sales representative and a small business owner. This work does not require the performance of work-related activities precluded by plaintiff's RFC. (*Id*. at 27).

7. Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2013, through the date of his decision on February 25, 2016. (*Id*. at 28).

Plaintiff requested an appeal to the Appeals Council, which denied his request for review on August 30, 2017. (Tr. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). Plaintiff then filed this action on October 9, 2017. (Doc. 1).

## II. DISCUSSION

### A. Standard of Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *Winschel v. Comm'r of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. (internal citation and quotation marks omitted). "This limited review precludes deciding the

facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, while the Court must scrutinize the record as a whole, the Court must affirm if the decision is supported by substantial evidence, even if the evidence preponderates against the Commissioner's findings. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264 (11th Cir. 2015); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five-Step Sequential Evaluation

The Social Security Act authorizes payment of disability insurance benefits and supplemental social security income to persons with disabilities. 42 U.S.C. §§ 423, 1381 (2012). The law defines disability as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a).[1] The Social Security Administration has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

---

[1] On January 18, 2017, the Social Security Administration significantly revised its regulations regarding the evaluation of medical evidence to determine a disability; those new regulations became effective on March 27, 2017. The Court, however, must apply the regulations in effect at the time that the ALJ entered his decision. *See Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) ("We apply the regulations in effect at the time of the ALJ's decision."). Because the ALJ entered his decision on September 3, 2015, the Court will apply the regulations in place at that time.

1. Is the claimant engaged in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

2. Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significant limits his or her ability to perform basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step. *Id.*

3. Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step. *Id.*

4. Does the claimant have the RFC to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step. *Id.*

5. Even if the claimant cannot perform past relevant work, does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled. *Id.*

The claimant bears the burden of proof with respect to the first four steps. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). The burden then shifts to the Commissioner at the fifth step to prove the existence of jobs in the national economy that the claimant is capable of performing; however, the burden of proving lack of RFC always remains with the claimant. *Id*.

C. **Plaintiff's Contentions**

Plaintiff asserts that the ALJ erred in three ways: (1) failing to articulate

5

good cause for giving little weight to the opinion of his treating physician, Dr. Shawn Smith; (2) failing to properly consider his pain and other symptoms pursuant to the Eleventh Circuit's three-part pain standard; and (3) failing to deem as severe plaintiff's residual symptoms from his stroke. The Court will address each contention in turn.

### 1. Failure to articulate good cause for giving little weight to the opinion of treating physician

The ALJ must give "substantial or considerable weight" to the opinion of a treating physician unless good cause is shown. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks and citation omitted). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* at 1241. The ALJ must clearly articulate the reasons for affording less weight to a treating physician's opinions. *Id.* The regulations state that a medical opinion will be evaluated based on examining relationship, treatment relationship (including length of treatment relationship and the frequency of examination and nature/extent of treatment relationship), supportability, consistency, and specialization, among other things. 20 C.F.R. § 404.1527, 416.927.

Here, the ALJ articulated good cause for giving little weight to the opinions of Dr. Smith. First, the ALJ noted that Dr. Smith's ultimate conclusion that

6

plaintiff was disabled and could not work goes to an issue reserved only for the Commissioner. This is true. The Commissioner is the sole person responsible for determining as, an administrative matter, whether a person is disabled. 20 C.F.R. 404.1527, 416.927 ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); *see also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("[W]e are concerned here with the doctors' evaluations of Lewis's condition and the medical consequences thereof, not their opinions of the legal consequences of his condition."). Consequently, it was appropriate for the ALJ to disregard Dr. Smith's conclusion with respect to this point.

Second, the ALJ noted that plaintiff was not treated by Dr. Smith between December 2013 until the visit in September 2015, which was seemingly for the purpose of evaluating disability. The length and frequency of the treatment relationship is relevant in evaluating a treating source's opinion. *See* 20 C.F.R. § 404.1527, 416.927(c)(2)(i) ("Generally, the long a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."). Dr. Smith opines in his September

7

2015 letter that plaintiff has had a "progressive increase in his cardiopulmonary symptoms," even though the record indicates that he last saw plaintiff in December 2013. (Tr. 554, 680) Furthermore, while the record indicates that plaintiff possibly did not have insurance during this time (*see* Tr. 109), plaintiff does not argue that he failed to see Dr. Smith during this gap due to lack of medical insurance. Additionally, while the Court recognizes that "poverty excuses noncompliance," *Dawkins v. Bown*, 848 F.2d 1211, 1213 (11th Cir. 1988), an ALJ is "only required to determine whether the claimant is financially able to seek ongoing treatment and fill prescriptions when noncompliance is the *sole ground* for denial of disability benefits, and the record contains evidence that the claimant is financially unable to seek treatment." *Cawley v. Astrue*, No. 1:10-CV-538-TFM, 2011 WL 4435435, at *7 (M.D. Ala. Sept. 23, 2011) (emphasis in original); *see also Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir. 2003) ("[W]hen an ALJ relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment."). Here, the ALJ did not rely on lack of medical treatment as the sole ground of denying plaintiff disability benefits.

Third, the ALJ found that Dr. Smith's opinion of complete and total disability

was inconsistent with plaintiff's most recent office visit with treating cardiologist, Dr. Michael Honan, who recommended a conservative regimen and advised plaintiff to increase activity. (*See* Tr. 27, 666). An ALJ may consider the type of treatment a claimant has received in evaluating a treating source's opinion. *See Womble v. Comm'r of Soc. Sec.*, 705 F. App'x 923, 927 (11th Cir. 2017) ("Specifically, Dr. Fine's opinion was not supported by his own treatment notes given Womble's conservative and relatively infrequent treatment."); *see also see Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) ("ALJs are permitted to consider the type of a treatment a claimant received in assessing the credibility of her subjective complaints."); *Warbington v. Colvin*, No. CIV.A. 13-00119-N, 2013 WL 6627015, at *8 (S.D. Ala. Dec. 17, 2013) (noting that a course of conservative treatment may be used to discount a doctor's assessment of plaintiff as disabled) (collecting cases).

Finally, the ALJ found that there is no evidence of "end-stage coronary disease" as mentioned by Dr. Smith in his September 2015 letter. Plaintiff argues that the National Institute of Health refers to end-stage coronary artery disease as "not amenable to surgical or Percutaneous revascularization." (Doc. 10, p. 9). Plaintiff further notes that, in October 2013, Dr. Jones stated that plaintiff "has diffuse disease that is not amenable to complete revascularization." (Tr. 548). Even assuming that plaintiff has "end-stage coronary disease," there is substantial

evidence to support the ALJ's decision to give little weight to Dr. Smith's September 2015 opinion. This is because that opinion because does not specify how this would prevent plaintiff from doing *any* work. And the ALJ already deemed plaintiff's coronary artery disease a severe impairment and took that impairment and symptoms of same into account when formulating plaintiff's RFC. (Tr. 21, 24 [stating that he considered all symptoms to the extent they are consistent with objective medical evidence and considered plaintiff's limitations and all medical evidence in the record]); *cf. Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) ("We find that the ALJ made erroneous statements of fact, but we conclude that this was harmless error in the context of this case and that the ALJ applied the proper legal standard . . . ."). In short, the Court finds that the ALJ articulated specific reasons for giving little weight to Dr. Smith's conclusion that plaintiff is unable to work, and therefore did not commit any reversible error in that regard.

### 2. Failure to properly consider plaintiff's pain

Where a claimant attempts to establish disability, in part, based on subjective complaints of pain and other symptoms, she must show (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain arising from that condition; or (b) that the objectively determined medical condition is of such severity that it can

10

reasonably be expected to give rise to the claimed pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); 20 C.F.R. §§ 404.1529(a), 416.929(a). If the objective medical evidence does not confirm the severity of the alleged pain, but indicates that a medically determinable impairment could reasonably be expected to produce the alleged symptoms (*i.e.*, 2(b)), the ALJ must evaluate the intensity and persistence of the claimant's symptoms and the extent to which they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c). In doing so, the ALJ must necessarily make credibility determinations regarding a claimant's reports of pain or other symptoms; if the ALJ discredits a claimant's subjective testimony, he must articulate his reasons for doing so. *Wilson*, 284 F.3d at 1225.

In evaluating the intensity and persistence of a claimant's symptoms, the ALJ will consider information submitted about same, including the individual's daily activities; location, duration, frequency, and intensity of the pain or other symptoms; precipitating and aggravating symptoms; type/dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; treatment, other than medication, the claimant has received for relief of pain or other symptoms; other measures used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to pain or other symptoms. SSR 96-7p, 1996 WL 374186 at *2.

Plaintiff appears to argue that the ALJ ignored plaintiff's consistent reports of chest pain, shortness of breath, and chest tightness, and that plaintiff should have been found disabled based on these symptoms alone. But the ALJ did not ignore these symptoms. The ALJ recounted plaintiff's reports of those symptoms. (Tr. 25-27). The ALJ found, however, that while plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity persistence and limiting effects of these symptoms were not entirely credible. (*Id*. at 24.) The ALJ then explained his reasons for not entirely crediting those statements, including the fact that plaintiff only reported limited symptoms after his alleged onset date, several normal physical examinations, good tolerance of a heart catheterization, good response to medication, encouragement to exercise and increase activity, overall conservative treatment, and some gaps in medical treatment. The ALJ also considered – as one factor among many – plaintiff's generally unpersuasive appearance and demeanor at the hearing. The Court must not disturb the ALJ's credibility determination when that determination is supported by substantial evidence, as it is here. *See Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) ("In sum, the ALJ considered Dyer's activities of

daily living, the frequency of his symptoms, and the types and dosages of his medications, and concluded that Dyer's subjective complaints were inconsistent with his testimony and the medical record. The ALJ thus adequately explained his reasons and it was reversible error for the district court to hold otherwise."). Therefore, the Court finds no error in this regard either.

### 3. Failure to consider the residual effects of stroke as severe

Plaintiff argues that that the ALJ erred by failing to denote plaintiff's history of ischemic stroke with history of left-sided sensory loss and numbing as a severe impairment.

At Step Two in the five-step sequential analysis, a claimant's impairment is determined to be either severe or not severe. "Step two is a threshold inquiry." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). "This step acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Thus, if an ALJ finds that a claimant has at least one severe impairment – as the ALJ did here – he must continue his analysis. *See Cunningham v. Colvin*, No. 2:14-CV-2182-RDP, 2016 WL 1117647, at *4 (N.D. Ala. Mar. 22, 2016) ("Thus, whether an ALJ determines

that one or all impairments meet the definition of 'severe' has no impact on the ultimate analysis; so long as the ALJ finds just *one* impairment to be severe at Step Two, all of a plaintiff's impairments will be considered in the ALJ's later analysis of the remaining steps."); (Tr. 21 [finding several severe impairments]). Therefore, to the extent that the ALJ erred in failing to describe plaintiff's history of ischemic stroke and history of left-sided sensory loss and numbness as severe at Step Two, that error was harmless. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010) ("Even if the ALJ erred in not indicating whether chronic pain syndrome was a severe impairment, the error was harmless because the ALJ concluded that Heatly had a severe impairment: and that finding is all that step two requires.").

Furthermore, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has *considered* all of the claimant's impairments, whether severe or not, in combination." *Id*. (emphasis added). The ALJ did that here. The ALJ went over plaintiff's medical history, including evidence that he suffered a stroke in August 2012; he also noted plaintiff's reports of numbness and tingling and left-sided paresthesias and numbness in September 2013 at different appointments. (*Id*. at 25). The Court also notes records from April, June, and July 2014 note tingling on the left side along with reduced sensitivity to heat and cold.

(*Id.* at 658, 666-67). Plaintiff also testified at the hearing that he has tingling and numbness on his left side, that his right eye droops, and that he has blurred vision as a result of the stroke. (*Id.* at 101).

"On review, this Court need address only whether the ALJ properly considered the combined effects of [plaintiff's] impairments—both 'severe' and 'non-severe'—in reaching his disability determination." *Grays v. Colvin*, No. 5:13-CV-818-LSC, 2015 WL 260845, at *4 (N.D. Ala. Jan. 21, 2015). In finding plaintiff not disabled, the ALJ stated that he had "considered the functional limitations resulting from *all of the claimant's medically determinable impairments, including those that are nonsevere*." (Tr. 22) (emphasis added). The ALJ further stated that he had considered all symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence. (*Id.* at 24). The Eleventh Circuit has held that language like this is sufficient to show that the ALJ properly considered all alleged impairments when making a disability determination. *See Wheeler v. Heckler*, 784 F.2d 1073, 1076 (11th Cir. 1986) (finding that an ALJ clearly considered the combination of impairments at issue when he stated that "based upon a thorough consideration of all evidence . . . the appellant is not suffering from any impairments, *or a combination of impairments* . . . to prevent him from engaging in any substantial gainful activity"); *see also Heatly v. Comm'r*

of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) ( finding that a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings) (citing *Jones v. Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)).

Finally, plaintiff has failed to show how his history of ischemic stroke and reported residual symptoms prevent him from being able to work at all. *Cf. CHARLES HODGES, IV, Plaintiff, v. NANCY A. BERRYHILL, Acting Comm'r of Soc. Sec., Defendant.*, No. 1:16-CV-258-WTH-GRJ, 2017 WL 7734639, at *6 (N.D. Fla. June 15, 2017), *report and recommendation adopted sub nom. Hodges v. Berryhill*, No. 116CV00258WTHGRJ, 2018 WL 992035 (N.D. Fla. Feb. 20, 2018) (noting that plaintiff failed to demonstrate that he had any functional limitations as a result of a stroke that prohibited him from substantial gainful activity and that the mere existence of impairments do not reveal the extent to which they limit plaintiff's ability to work); *Cunningham v. Colvin*, No. 2:14-CV-2182-RDP, 2016 WL 1117647, at *5 (N.D. Ala. Mar. 22, 2016) (finding that plaintiff had done nothing to establish limitations incident to her stroke). As the Court noted in the previous section, there is substantial evidence to support the ALJ's decision to not fully credit plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms from his various impairments, both severe and non-severe. The Court will not rehash that discussion here. In

sum, the ALJ considered the combination of all plaintiff's impairments – to the extent that he found the symptoms thereof credible – and therefore did not commit reversible error.

## III. CONCLUSION

For these reasons, and the Court otherwise being otherwise sufficiently advised, it is ORDERED that the final decision of the Commissioner is AFFIRMED. A final judgment will be entered separately.

**DONE** and **ORDERED** this January 17, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE